HERRICK, FEINSTEIN LLP
Andrew C. Gold (ACG-4875)
Two Park Avenue
New York, NY 10016
(212) 592-1400
*Attorneys for Defendant,*
*Impala Partners, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x

WINSTAR HOLDINGS, LLC and
IDT CORP.,

                Plaintiffs,

-against-

THE BLACKSTONE GROUP LP; IMPALA
PARTNERS, LLC; and CITICORP,

                Defendants.

------------------------------------------------ x

07 CIV 4634
JUDGE LYNCH

**NOTICE OF REMOVAL**


RECEIVED JUN 0 1 2007 U.S.D.C. S.D.N.Y. CASHIERS

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF NEW YORK

    Defendant Impala Partners, LLC ("Impala") by its attorneys, Herrick, Feinstein LLP respectfully applies for the removal of this civil action to the United States District Court for the Southern District of New York, and that, upon such a removal, it be transferred to the United States Bankruptcy Court for the District of Delaware, and states as follows:

    1.    On or about April 18, 2001, Winstar Communications, Inc. ("Winstar" or the "Debtor") and certain of its subsidiaries and affiliates each filed a petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, (the "Bankruptcy Court") entitled

HF 3651621v.1 #10069/0000

In re Winstar Communications, Inc. et al., bearing case number 01-1430 (KJC) (the "Bankruptcy Case"). As set forth below, Impala was retained as the restructuring advisor to Winstar and a principal of Impala, Paul Street, served as the Debtor's Chief Restructuring Officer.

2. In this Notice of Removal, Impala is exercising its right pursuant to 28 U.S.C. §1452, *et. seq.*, and Federal Rules of Bankruptcy Procedure 9027, to remove a pending state court action entitled Winstar Holdings, LLC and IDT Corp., v. The Blackstone Group LP, Impala Partners, LLC and Citicorp,[1] Index No. 601582/07 (the "State Court Action") from the Supreme Court of New York, County of New York (the "State Court"), to the United States District Court for the Southern District of New York, with the request that this action, upon removal, be transferred to the United States Bankruptcy Court for the District of Delaware (Honorable Kevin J. Carey, U.S.B.J., presiding) for the reasons set forth herein.

3. Plaintiffs filed the State Court Action on or about May 10, 2007. A copy of the Summons and Complaint are attached as Exhibit "A" in accordance with Rule 9027(1) of the Federal Rules of Bankruptcy Procedure. If any additional documents relating to the State Court Action are required, Impala will submit such documents.

4. The Southern District of New York encompasses New York County, the place where the State Court Action is pending.

5. This Court has original jurisdiction over this State Court Action pursuant to 28 U.S.C. § 1334(b), and it is hereby removed to this Court under the provisions of 28 U.S.C. §§ 1452(a) and 1446. The State Court Action is properly removable because of its close connection to the Debtor's Chapter 11 proceedings pending in the Bankruptcy Court.

---

[1] Impala is advised that the remaining defendants, The Blackstone Group LP and Citicorp consent to removal.

6. 28 U.S.C. § 1452(a) provides as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit's police or regulatory power, to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

7. The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; and is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. The State Court Action was initiated after to the commencement of the Bankruptcy Case.

8. In the Complaint, Plaintiff Winstar Holdings, LLC (formerly known as IDT Winstar Acquisition, Inc.) asserted claims against Impala, and the other named defendants for alleged misrepresentations and fraud in connection with the sale of the substantially all of the Debtor's assets to the Plaintiffs, pursuant to a certain bankruptcy Asset Purchase Agreement amongst IDT Winstar Acquisition, Inc., as purchaser, and Winstar Communications, Inc. and certain of its subsidiaries, as sellers, dated December 18, 2001 (the "APA") which sale was approved by the United States Bankruptcy Court for the District of Delaware. The Bankruptcy Court entered an order on December 19, 2001 (the "Sale Order") approving the sale of the Debtor's assets under the APA.

9. Paragraph 15 of the Sale Order, a copy of which is annexed as <u>Exhibit "B"</u>, contains the following provision, preserving the jurisdiction of the Bankruptcy Court:

> "This Court retains and shall have jurisdiction to endorse and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection

therewith (including the Management Agreement) in all respects, including but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer, (b) compel delivery of the purchase price or performance of other obligations owed to the Debtors, (c) resolve any disputes arising under or related to the Asset Purchase Agreement, and (d) interpret, implement, and enforce the provisions of the Asset Purchase Agreement and this Sale Order."

10. The APA contains at least two provisions, copies of which are annexed as <u>Exhibit "C"</u>, pursuant to which the Plaintiffs irrevocably submitted to the jurisdiction of the Bankruptcy Court to hear all disputes arising out of or relating to the APA as follows:

> "<u>The parties hereto irrevocably submit to the exclusive jurisdiction of the Bankruptcy Court (or any Court exercising appellate jurisdiction over the Bankruptcy Court) over any dispute arising out of or relating to this Agreement or any other agreement</u> or instrument contemplated hereby or entered into in connection herewith or any of the transactions contemplated hereby or thereby. Each party hereby irrevocably agrees that all claims in respect of such dispute or proceedings may be heard and determined in such dispute or proceedings may be heard and determined in such courts. The parties hereby irrevocably waive, to the fullest extent permitted by applicable law, any objection which they may now or hereafter have to the laying of venue of any such dispute brought in such state court or any defense of inconvenient forum in connection therewith." (Section 9.10, emphasis added.)

11. Further, Section 9.15 of the APA, entitled *"Remedies"* states that,

> "Subject to Section 9.3, the Sellers and the Buyer hereby acknowledge and agree that money damages may not be an adequate remedy for any breach or threatened breach of any of the provisions of this Agreement and that, in such event, the Sellers or their successors or assigns, or the Buyer or its successors or assigns, as the case may be, may, in addition to any other rights and remedies existing in their favor, apply to the Bankruptcy Court *[note- the phrase, "or any other court of competent jurisdiction" was struck from the signed version]* for specific performance,

HF 3651621v.1 #10069/0000

injunctive and/or other relief in order to enforce or prevent any violations under this Agreement."

12. As the title to 28 U.S.C. § 1452 itself indicates, ("Removal of Claims related to "bankruptcy cases"), matters that can be removed include claims "related to" a bankruptcy case within the meaning of 28 U.S.C. § 1334(b).

13. Defendant Impala requests that upon removal, the instant matter be transferred to the Bankruptcy Court of the District of Delaware, which has core jurisdiction to adjudicate the claims asserted by Plaintiffs. The Second Circuit has construed a bankruptcy court's core jurisdiction "as broadly as possible" so as to be "close to or congruent with constitutional limits." *Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail)*, 304 F.3d 223, 229 (2d Cir. 2002) (internal quotations and citations omitted). This jurisdiction reach is "essential to the efficient administration of bankruptcy proceedings." Id. Although some of Plaintiffs' claims are nominally state law claims, the relief requested implicates the Bankruptcy Court's authority to oversee the implementation of the APA.

14. Bankruptcy courts may also adjudicate state law claims pursuant to "arising in" jurisdiction when those claims are at the "heart" of the administration of the bankruptcy estate, as is the case here. *See, e.g., Central Vermont Public Serv. Corp.*, 341 F.3d 186, 191 (2d Cir. 2003) (citing *In re Ben Cooper*, 896 F.2d 1394, 1399 (2d Cir. 1991)). The removal of this State Court Action will assist in administering the Debtor's estate by avoiding concurrent proceedings addressing the same subject matter, because the Debtor has agreed to indemnify Impala and Paul Street.

15.     Pursuant to Annex "A" of Impala's retention agreement which was approved by the Bankruptcy Court, a copy of which is annexed as <u>Exhibit "D"</u>, the Debtor agreed to indemnify Impala for, *inter alia*, any losses claims, damages or liabilities brought by any third party. Removing the instant action to the Bankruptcy Court, which is already fully familiar with the facts alleged in Plaintiffs' Complaint, will prevent the Trustee from being forced to waste estate resources by unnecessary devoting efforts in two separate forums.

16.     To the extent that the Bankruptcy Court does not possess core jurisdiction over Plaintiffs' claims, it possesses "related-to" jurisdiction over them. A proceeding meets the jurisdictional threshold of 28 U.S.C. § 1334(b) if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *See, e.g., In re Cayahoga Equipment Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) (stating the bankruptcy court has "related to" jurisdiction over any action that might have a "conceivable effect" on the bankrupt estate). Here, the resolution of Plaintiffs' claims will directly affect whether there are additional monies available for distribution to the Debtor's creditors.

17.     No previous application has been made for this or any similar relief. Pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure, after the filing of this Notice of Removal, Impala shall hereby give written Notice of Filing of Notice of Removal (a copy of which is attached hereto as <u>Exhibit "E"</u>) to Plaintiffs and shall file a copy of the Notice of Filing of Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

HF 3651621v.1 #10069/0000

WHEREFORE, Defendant, Impala Partners, LLC, respectfully requests that that matter of <u>Winstar Holdings, LLC and IDT Corp., v. The Blackstone Group LP., Impala Partners, LLC and Citicorp</u>, presently pending in the Supreme Court of the State of New York, County of New York, be removed to this Court, that this Court accept jurisdiction of said action, and, upon acceptance of jurisdiction, transfer this matter to the Honorable Kevin J. Carey of the United States Bankruptcy Court for the District of Delaware.

Dated:  New York, New York
        June 1, 2007

Respectfully submitted

_____
Andrew C. Gold (ACG-4875)
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400

*Attorneys for Defendant,*
*Impala Partners, LLC*