## **EXHIBIT B**

HF 3651621v.1 #10069/0000

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re:                                              : Chapter 11
:
WINSTAR COMMUNICATIONS, INC., et al.,               : Case No.: 01-1430 (JJF)
:
: Jointly Administered
Debtors.                                            :
:
:
:
------------------------------------------------------------x

**ORDER AUTHORIZING (i) SALE OF CERTAIN OF THE DEBTORS'
ASSETS FREE AND CLEAR OF LIENS, CLAIMS ENCUMBRANCES,
AND INTERESTS, (ii) APPROVING CURE AMOUNTS WITH RESPECT
TO CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
(iii) AUTHORIZING THE DEBTORS TO ENTER INTO AND APPROVING
MANAGEMENT AGREEMENT, (iv) APPROVING REGULATORY
<u>TRANSITION PROCESS AND (v) GRANTING RELATED RELIEF</u>**

This matter having come before the court on (I) the motion (the "Original Motion"; terms not otherwise defined in this Sale Order shall have the meanings ascribed to such terms in the Original Motion) filed by Winstar Communications, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), requesting the entry of (A) an order pursuant to sections 363(b) and 105(a) of title 11, United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) approving bidding procedures, including bid protections, (ii) approving the form and manner of notice of (a) the hearing to consider granting certain bid protections (the "Bid Procedures Hearing"), (b) the hearing on the sale of certain of the Debtors' assets (the "Sale Hearing"), (c) proposed cure payments and (d) assumption and assignment of executory contracts and unexpired leases, and (iii) scheduling the Sale Hearing,

Purchase Agreement, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors, other than the Permitted Encumbrances, arising prior to the Closing Date under the Asset Purchase Agreement, including, but not limited to, any liabilities under any revenue, pension, ERISA, tax, labor, environmental or natural resource law, rule or regulation, or any products liability law, arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Debtors' businesses prior to the Closing Date. After the Closing and the payment of the Purchase Price, the Buyer shall have no liability to the Debtors or their estates for any diminution in value or other damage of any kind whatsoever to the Regulated Assets or the Licenses that may result from the Buyer's operation of the Debtors' business.

15. This Court retains and shall have exclusive jurisdiction to endorse and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith (including the Management Agreement) in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer, (b) compel delivery of the purchase price or performance of other obligations owed to the Debtors, (c) resolve any disputes arising under or related to the Asset Purchase Agreement, and (d) interpret, implement, and enforce the provisions of the Asset Purchase Agreement and this Sale Order.

16. The transactions contemplated by the Asset Purchase Agreement are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of any Purchased Assets shall not affect the validity of the Sale of such Purchased Assets to the Buyer, unless such authorization is duly stayed pending such

some or all of Debtors' contracts with the GSA, the Buyer agrees that it will continue to provide telecommunications services to GSA until GSA has received sixty (60) days' notice of discontinuance, or such longer period as the FCC requires. In all other respects, the Buyer shall manage the operations of the Business and shall be responsible for such operation pursuant to the terms and subject to the conditions of the Asset Purchase Agreement and the Management Agreement. The period within which the Debtors may elect to assume or reject unexpired leases of nonresidential real property under Bankruptcy Code section 365(d)(4) is hereby extended through the duration of the Term.

25. Upon receipt of the required regulatory approvals and establishment of the necessary service agreements and arrangements, the Debtors are authorized to convey the Licenses and the Regulated Assets to the Buyer, in accordance with the terms and conditions of the Asset Purchase Agreement and the Management Agreement.

26. As provided by Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure, the effectiveness of this Sale Order shall not be stayed for 10 days after entry on the docket and shall be effective and enforceable immediately upon such entry. The Buyer and the Debtors shall consummate the Sale as promptly as is practicable following Court approval of this Sale Order, so long as no stay of this Sale Order has been entered and is continuing.

Dated: Wilmington, Delaware
December 19, 2001

HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE