**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**WINSTAR HOLDINGS, LLC and**
**IDT CORP.,**

                    *Plaintiffs*,

    - against -

**THE BLACKSTONE GROUP L.P.;**
**IMPALA PARTNERS, LLC; and**
**CITICORP,**

                    *Defendants*.

**Case No.:**    **07 CV 4634 (GEL)(AJP)**

**ECF Case**

---

**MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION**
**BY ALL DEFENDANTS TO TRANSFER VENUE TO THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

Yosef J. Riemer
Vickie Reznik
David S. Flugman

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Attorneys for Defendant*
*The Blackstone Group L.P.*

Stephen M. Rathkopf
Andrew C. Gold
John Oleske

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Telephone:    (212) 592-1400
Facsimile:    (212) 592-1500

*Attorneys for Defendant*
*Impala Partners, LLC*

Stephen L. Saxl
William Wargo

GREENBERG  TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone:    (212) 801-9200
Facsimile:    (212) 801-6400

*Attorneys for Defendant Citigroup, Inc. as*
*successor by merger to Citicorp*

## TABLE OF CONTENTS

Page(s)

**Preliminary Statement**...................................................................................................1

**Background Facts and Procedural Posture**...............................................................4

**Argument** ........................................................................................................................7

I.      THIS CASE SHOULD BE TRANSFERRED PURSUANT TO SECTION 1406(A) TO DELAWARE DISTRICT COURT FOR REFERRAL TO DELAWARE BANKRUPTCY COURT BECAUSE THE CLAIMS ARE SUBJECT TO BOTH THE MANDATORY FORUM SELECTION CLAUSE IN THE ASSET PURCHASE AGREEMENT AND THE BANKRUPTCY COURT ORDER RETAINING EXCLUSIVE JURISDICTION. .......................................................7

      A.      Jurisdiction in this District is Inappropriate Given the Retention of Jurisdiction by the Delaware Bankruptcy Court. .......................................7

      B.      Because the Forum Selection Clause in the Asset Purchase Agreement Designates the Delaware Bankruptcy Court as the Exclusive Forum for Plaintiffs' Claims, Venue in the Southern District of New York is Inappropriate. ...................................................................................8

      C.      Jurisdiction in the Delaware Bankruptcy Court is Proper Because This Case Falls Within the Broad Scope of 28 U.S.C. § 1334. ....................10

II.     IN THE ALTERNATIVE, EVEN IF VENUE EXISTS IN THIS DISTRICT, THE CASE SHOULD BE TRANSFERRED TO DELAWARE DISTRICT COURT FOR REFERRAL TO DELAWARE BANKRUPTCY COURT IN THE INTERESTS OF JUSTICE PURSUANT TO SECTION 1404(A)...............................12

**Conclusion** ....................................................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Bense v. Interstate Battery System of America*,
  683 F.2d 718 (2d Cir. 1982)................................................................ 8

*Credit Suisse Secs. (USA) LLC v. Hilliard*,
  469 F. Supp. 2d 103 (S.D.N.Y. 2007)................................................. 9

*Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*,
  466 F. Supp. 71 (S.D.N.Y. 1978)....................................................... 7

*G & R Moojestic Treats Inc. v. MaggieMoo's Int'l, LLC*,
  No. 03 Civ. 10027 (RWS), 2004 WL 1110423 (S.D.N.Y. May 19, 2004) ...................... 12

*Huntingdon Engineering & Envt'l Inc. v. Platinum Software Corp.*,
  882 F. Supp. 54 (W.D.N.Y. 1995)...................................................... 12

*In re Cuyahoga Equipment Corp.*,
  980 F.2d 110 (2d Cir. 1992)............................................................. 11

*In re Houbigant, Inc.*,
  914 F. Supp. 964 (S.D.N.Y. 1995)...................................................... 13

*In re S & K Air Power of Florida*,
  166 B.R. 193 (Bankr. S.D. Fla. 1994) ................................................ 3

*In re Winstar Communications, Inc. et al*,
  Case No. 01-1430 (KJC)................................................................. 4

*Int'l Secs. Exchange, LLC v. Chicago Board Options Exchange Inc.*,
  No. 06 Civ. 13445 (RMB)(THK), 2007 WL 1541087 (S.D.N.Y. May 24, 2007) ..... 10, 13

*Korean Press Agency, Inc. v. Yonhap News Agency*,
  421 F. Supp. 2d 775 (S.D.N.Y. 2006)................................................. 9

*Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail)*,
  304 F.3d 223 (2d Cir. 2002)............................................................. 10

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972)................................................................ 8, 9, 10

*Ruby v. Pan Am World Airways, Inc.*,
  252 F. Supp. 873 (S.D.N.Y. 1965)..................................................... 8

*Starad, Inc. v. Lawson Software, Inc.*,
  04 Civ. 5554 (GEL), 2004 WL 2093512 (S.D.N.Y. Sept. 16, 2004) ................ 10

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988)......................................................................... 8

*Strategic Marketing & Commc'ns, Inc. v. Kmart Corp.*,
  41 F. Supp. 2d 268 (S.D.N.Y. 1998).............................................. 8, 9, 12

*Weiss v. Columbia Pictures Television, Inc.*,
    801 F. Supp. 1276 (S.D.N.Y. 1992)......................................................................... 3, 8, 10

**Statutes**

28 U.S.C. § 1334................................................................................................... 7, 10, 11

28 U.S.C. § 1404(a) ............................................................................................ 1, 3, 12, 13

28 U.S.C. § 1406(a) .................................................................................................... passim

28 U.S.C. § 1409(a) .......................................................................................................... 11

28 U.S.C. § 1452(a) ......................................................................................................... 3, 7

**Other Authorities**

*Black's Law Dictionary* 856 (7th ed. 1999)...................................................................... 8

Defendants The Blackstone Group L.P.[1] ("Blackstone"), Impala Partners, LLC

("Impala") and Citigroup, Inc., as successor by merger to Citicorp ("Citicorp") hereby submit

this memorandum of law in support of their joint motion to transfer venue pursuant to 28 U.S.C.

§ 1406(a), or in the alternative 28 U.S.C. § 1404(a), to the United States District Court for the

District of Delaware for referral to the United States Bankruptcy Court for the District of

Delaware.[2]

## PRELIMINARY STATEMENT

This action arises out of the purchase by Plaintiffs IDT Corp. ("IDT") and Winstar

Holdings, LLC of certain assets that had belonged to Winstar Communications Inc. ("Old

Winstar" or "Debtor").  Old Winstar was at the time of the transaction (and remains today) a

Debtor in a bankruptcy proceeding in the United States Bankruptcy Court for the District of

Delaware ("Bankruptcy Court" or "Delaware Bankruptcy Court").  Plaintiffs purchased the

assets pursuant to an Asset Purchase Agreement which contained a mandatory forum selection

clause in which Plaintiffs agreed to "irrevocably submit to the exclusive jurisdiction of the

Bankruptcy Court . . . any dispute arising out of or relating to this Agreement or any other

agreement or instrument contemplated hereby or entered into in connection herewith or any of

the transactions contemplated hereby or thereby."  (Declaration of David S. Flugman in Support

of Defendants' Joint Motion to Transfer Venue to the United States District Court for the District

---

[1]    As of March 12, 2007, the entity formerly known as "The Blackstone Group L.P." has been renamed "Blackstone Advisory Services L.P."

[2]    Because pursuant to both § 1404 and § 1406 this Court is empowered to transfer a civil action "to any other district or division" where it could have been brought, Defendants request that the Court transfer this case to the District Court in Delaware so that it may refer the case to the Delaware Bankruptcy Court.

of Delaware, Ex. A (Asset Purchase Agreement) § 9.10.)[3]  The Asset Purchase Agreement was

approved by the Bankruptcy Court in a separate order (the "Order") which specifically provided

that the Bankruptcy Court "retains and shall have exclusive jurisdiction to . . . resolve any

disputes arising under or related to the Asset Purchase Agreement."  (Ex. B (Order) ¶ 15.)

Old Winstar's bankruptcy proceeding is still pending in the Delaware Bankruptcy Court.

(*See* Ex. C (Bankruptcy Court Docket).)  Nonetheless, Plaintiffs commenced this action in the

Supreme Court for the County of New York (the "State Court Action") in which they make

allegations arising under and related to the Asset Purchase Agreement which thus fall squarely

within the mandatory forum selection provision and the Bankruptcy Court Order retaining

exclusive jurisdiction.  For example, the Complaint asserts that "[a]s a result" of what Plaintiffs

contend were fraudulent or negligent representations about Old Winstar's business, Plaintiffs

"entered into an Asset Purchase Agreement . . ."  (Compl. ¶ 43.)

Given the retention of exclusive jurisdiction by the Delaware Bankruptcy Court and the

mandatory forum selection clause in the Asset Purchase Agreement, this case can only be

litigated in that court.  Thus, venue is proper in the Delaware Bankruptcy Court.  By seeking to

litigate in New York instead of Delaware, Plaintiffs are violating the clear language of a

Bankruptcy Court Order.  The Bankruptcy Court has broad jurisdiction over disputes like this

and Plaintiffs are bound by that Order.  Moreover, Plaintiffs are violating their contractual duty

by ignoring the forum selection clause in the Asset Purchase Agreement.  It is well settled that a

contractual forum selection clause should be given effect except in the rare case where plaintiffs

can "demonstrate exceptional facts explaining why [they] should be relieved from [their]

contractual duty" to litigate in the designated forum.  *Weiss v. Columbia Pictures Television,*

---

[3]    All exhibits referenced herein are attached to the Declaration of David S. Flugman, and hereafter will only be
cited as "Ex." for simplicity.

*Inc.*, 801 F. Supp. 1276, 1278 (S.D.N.Y. 1992). Plaintiffs have not – and cannot – meet their high burden of showing such "exceptional facts."

Where, as here, a plaintiff files suit in a district where venue is improper, Section 1406 of the Judicial Code empowers the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[4]  28 U.S.C. § 1406(a). Because venue is improper in this District, this Court should exercise its authority pursuant to that section to transfer this case to the United States District Court for the District of Delaware ("Delaware District Court") for referral to Delaware Bankruptcy Court.  (*See* Part I, *infra.*)

This Court's power to transfer a case is not limited to situations where venue is improper in the Southern District of New York.  If venue is proper in this District, this Court can still transfer a case "in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Thus, if this Court were to find that venue was proper in this District, this Court should "in the interest of justice" give effect to the Bankruptcy Court's retention of exclusive jurisdiction and the mandatory forum selection clause in the Asset Purchase Agreement, as well as the important public policy of consolidating litigation that could have a potential effect on a bankrupt estate in one forum, by entering an order transferring this case to the Delaware District Court for referral to Delaware Bankruptcy Court pursuant to 28 U.S.C. § 1404(a).[5]  (*See* Part II, *infra.*)

---

[4]    While Plaintiff's suit was originally filed in New York State Supreme Court, removal to this district was a necessary preliminary step to the Defendants' request to transfer venue to the Delaware Bankruptcy Court. *See In re S & K Air Power of Florida*, 166 B.R. 193, 194 (Bankr. S.D. Fla. 1994) (state court actions must be removed to the district court for the district in which the case is pending before moving for a transfer of venue to the district for the bankruptcy court where the case should have been filed).  The case was removed on June 4, 2007 by Defendant Impala pursuant to 28 U.S.C. § 1452(a)

[5]    Plaintiffs' agreement to the forum selection provision in the Asset Purchase Agreement further demonstrates that Delaware is not an inconvenient forum for Plaintiffs -- both of whom are Delaware Corporations.  (Compl. ¶¶ 2-3.)

## BACKGROUND FACTS AND PROCEDURAL POSTURE

In April 2001, Old Winstar and certain of its subsidiaries and affiliates each filed a petition for relief under chapter 11 of Title 11 of the United States Code, as amended, in the Delaware Bankruptcy Court.[6]  Pursuant to a letter agreement ("Blackstone Agreement") executed some time thereafter, the Debtors retained Blackstone to act as their exclusive M&A advisor to provide financial advisory services, including with respect to the sale of Old Winstar's assets.  (*See* Ex. D (Blackstone Agreement).)  Pursuant to the Blackstone Agreement, the Debtors agreed to indemnify Blackstone for "all expenses (including reasonable fees, expenses and disbursements of counsel) as they are incurred in connection with investigation, preparing, pursuing, defending, or assisting in the defense of any action, claim, suit, investigation or proceeding related to, arising out of or in connection with" Blackstone's retention by the Debtors.  (*Id.* at Attachment A.)[7]

On August 2, 2001, the Delaware Bankruptcy Court approved the retention of Impala *nunc pro tunc* to July 2, 2001 pursuant to a letter agreement originally dated July 2, 2001 and amended on August 29, 2001 (the "Impala Agreement").  Pursuant to the Impala Agreement, Impala was engaged to provide advisory services to the Debtors and to function as the Debtors' Chief Restructuring Officer.[8]  The Impala Agreement requires the Debtors to indemnify and hold harmless Impala and each of its partners, agents, employees, and control persons from third party

---

[6]   *In re Winstar Communications, Inc. et al*, Case No. 01-1430 (KJC).

[7]   The indemnification provision also requires Blackstone to promptly notify the Debtors in writing of the receipt of "any complaint or the commencement of any action or proceeding with respect to which indemnification is being sought."  (Ex. D (Attachment A) at 2.)  Pursuant to this provision, Blackstone notified the Bankrupt Estate Trustee on June 4, 2007 of the receipt of the Complaint and Summons in the instant action and of Blackstone's intention to seek indemnification from the Debtors.  (*See* Ex. E (6/4/07 Indemnification Notification Letter.)

[8]   By naming Impala as a Defendant, Plaintiffs seek damages against one of Debtors' Corporate Officers, which provides further support for transfer of the State Court Action to Delaware Bankruptcy Court.  *See infra*, § II.

claims arising out of the services rendered to the Debtors.  (*See* Ex. F (Impala Agreement) at Attachment A.)  Additionally, the Debtors agreed to pay Impala's legal fees in connection with any such claims.  (*Id.*)

During the Fall of 2001, Old Winstar, with the assistance of Blackstone, circulated an offering book and allowed prospective buyers of its business assets to conduct due diligence. (Compl. at ¶¶ 22-23.)  Thereafter, on December 18, 2001, IDT entered into an Asset Purchase Agreement by which it contracted to buy Old Winstar's business assets for $42.5 million.  (*Id.* at ¶¶ 1, 43.)  Notably, the Asset Purchase Agreement contains a mandatory forum selection clause by which the Plaintiffs agreed to "irrevocably submit to the exclusive jurisdiction of the [United States] Bankruptcy Court [for the District of Delaware] (or any court exercising appellate jurisdiction over the Bankruptcy Court) over *any dispute arising out of or relating to this Agreement* or any other agreement or instrument contemplated hereby or entered into in connection herewith or any of the transactions contemplated hereby or thereby."  (Ex. A (Asset Purchase Agreement) § 9.10 (emphasis added).)   In addition, Plaintiffs irrevocably agreed "that all claims in respect of such dispute or proceedings may be heard and determined in such courts" and "irrevocably waive[d], to the fullest extent permitted by applicable law, any objection which they may now or hereafter have to the laying of venue of any such dispute brought in such court or any defense of inconvenient forum in connection therewith." (*Id.*)

Moreover, the Plaintiffs further emphasized their intent to submit exclusively to jurisdiction in Delaware Bankruptcy Court by their conduct in executing the Asset Purchase Agreement.  The typed text of the Agreement originally contained language in Section 9.15 allowing the Plaintiffs to "apply to the Bankruptcy Court or any other court of competent jurisdiction for specific performance. . . " (Ex. A (Asset Purchase Agreement) § 9.15.)  The typed words "or any other court of competent jurisdiction" were then crossed out by hand and the strike-out was confirmed by initials in the margins as shown on page 27 of the Agreement.

(*Id.*)  By crossing out those words, Section 9.15 was made consistent with the mandatory forum selection clause in Section 9.10 so that no matter what remedy the Plaintiffs might seek, disputes arising under or relating to the Asset Purchase Agreement could only be brought in the Bankruptcy Court.  (*Id*. at § 9.10, § 9.15.)

The following day, the Bankruptcy Court issued the Order approving the Asset Purchase Agreement.  (Ex. B (Order) at ¶ 3.)  Included therein was a finding that the Asset Purchase Agreement and related agreements "were negotiated, proposed and agreed to by the Debtors and [IDT Winstar Acquisition, Inc.] as parties thereto *without collusion, in good faith, and from arm's-length bargaining positions.*"  (*Id.* at ¶ G (emphasis added).)  Additionally, the Order specifically designates the Delaware Bankruptcy Court as the forum for all disputes by explicitly stating that the Bankruptcy Court "retains and shall have exclusive jurisdiction to…resolve any disputes arising under or related to the Asset Purchase Agreement." (Ex. B (Order) at ¶ 15.) [9]

On May 10, 2007, in direct contravention of the Bankruptcy Court's Order and the forum selection clause, Plaintiffs filed the instant suit in the New York Supreme Court for the County of New York alleging that the Defendants fraudulently or negligently made misrepresentations about the value of the assets of Old Winstar and that Plaintiffs relied on those alleged misrepresentations in entering into the court-approved Asset Purchase Agreement. [10]  On June 4, 2007, Defendant Impala Partners, with the consent of all Defendants, removed the case to this

---

[9]    Paragraph 15 of the Order reads: "This court retains and shall have exclusive jurisdiction to endorse and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith (including the Management Agreement) in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer, (b) compel delivery of the purchase price or performance of other obligations owed to the Debtors, (c) resolve any disputes arising under or related to the Asset Purchase Agreement, and (d) interpret, implement, and enforce the provisions of the Asset Purchase Agreement and this Sale Order."

[10]    Blackstone and Citicorp were served with the Complaint on May 22, 2007.  Impala was served on May 23, 2007.

Court pursuant to the bankruptcy removal provision, 28 U.S.C. § 1452(a), which permits

removal of cases subject to bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334.[11]

## ARGUMENT

I.    **THIS CASE SHOULD BE TRANSFERRED PURSUANT TO SECTION 1406(A) TO DELAWARE DISTRICT COURT FOR REFERRAL TO DELAWARE BANKRUPTCY COURT BECAUSE THE CLAIMS ARE SUBJECT TO BOTH THE MANDATORY FORUM SELECTION CLAUSE IN THE ASSET PURCHASE AGREEMENT AND THE BANKRUPTCY COURT ORDER RETAINING EXCLUSIVE JURISDICTION.**

Because of the retention of exclusive jurisdiction by the Delaware Bankruptcy Court in

the ongoing bankruptcy proceedings in that court and the mandatory forum selection clause in

the Asset Purchase Agreement covering Plaintiffs' claims, venue is improper in this District.  *See*

*Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F. Supp. 71, 73 (S.D.N.Y. 1978) (in the

face of a mandatory forum selection clause, venue is improper in alternative forum for § 1406

purposes).   Accordingly, this court should transfer the case to the Delaware Bankruptcy Court

pursuant to 28 U.S.C. § 1406(a).  *See, e.g., Lexington Investment Co. v. Southwest Stainless, Inc.*,

697 F. Supp. 139, 144 (S.D.N.Y. 1988) (transferring case pursuant to § 1406(a) to forum

specified in mandatory forum selection clause).

A.    **Jurisdiction in this District is Inappropriate Given the Retention of Jurisdiction by the Delaware Bankruptcy Court.**

Venue in either the New York State Supreme Court or in this Court is inappropriate

because the Delaware Bankruptcy Court explicitly retained exclusive jurisdiction over "any

disputes arising under or related to the Asset Purchase Agreement."  (*See*  Ex. B (Order) ¶ 15.)

As explained above, Plaintiffs' claims arise out of and relate to the sale of Old Winstar's assets

---

[11]   This case falls within the scope of § 1334(b) as Plaintiffs' allegations arise under the bankruptcy statute and are related to the ongoing bankruptcy case pending in the Delaware Bankruptcy Court.  *See* 28 U.S.C. § 1334(b) (vesting jurisdiction in the district courts over cases "arising in or related to cases under title 11 [bankruptcy]").

via the Asset Purchase Agreement, approved by the Order issued by the Delaware Bankruptcy

Court. (*See* Compl. at ¶¶ 43-44.) Therefore, this litigation falls within the ambit of the

jurisdiction retained by the Delaware Bankruptcy Court and venue is thus inappropriate in the

New York State Supreme Court or in this Court. *See Ruby v. Pan Am World Airways, Inc.*, 252

F. Supp. 873, 880 (S.D.N.Y. 1965) (dismissing claims involving an interpretation of pilots

association agreement because of exclusive jurisdiction over interpretation vested in alternative

forum); *Black's Law Dictionary* 856 (7th ed. 1999) (defining "exclusive jurisdiction" as "[a]

court's power to adjudicate an action or class of actions to the exclusion of all other courts").

Because venue is inappropriate in this District, the case should be transferred pursuant to 28

U.S.C. § 1406(a).

> **B.    Because the Forum Selection Clause in the Asset Purchase Agreement
> Designates the Delaware Bankruptcy Court as the Exclusive Forum for
> Plaintiffs' Claims, Venue in the Southern District of New York is
> Inappropriate.**

It is well-settled in this Circuit that forum selection clauses are given substantial

deference, and will only be disturbed in rare instances. *See M/S Bremen v. Zapata Off-Shore

Co.*, 407 U.S. 1, 15 (1972) (a forum selection clause is enforceable unless it is shown that

"enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons

as fraud or overreaching"); *see also Bense v. Interstate Battery System of America*, 683 F.2d 718,

720-22 (2d Cir. 1982) (upholding a forum selection clause which applied to "causes of action

arising directly or indirectly from the agreement"); *Strategic Marketing & Commc'ns, Inc. v.

Kmart Corp.*, 41 F. Supp. 2d 268, 270 (S.D.N.Y. 1998) ("Since *Bremen*, this Circuit has

developed a strong policy of honoring forum selection clauses."). Forum selection clauses are

treated as "prima facie valid" and in order to set one aside, it is the plaintiff's burden to

"demonstrate exceptional facts explaining why he should be relieved from his contractual duty."

*Weiss*, 801 F. Supp. at 1278; *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)

("a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases") (Kennedy, J., concurring).  In order to meet this burden, a plaintiff would have to show that suit in the alternative forum is "so gravely difficult and inconvenient that plaintiff will for all practical purposes be deprived of its day in court."  *Bremen*, 407 U.S. at 18.

Where, as here, a motion to transfer involves a forum selection clause, and the language of the clause is mandatory rather than permissive, "deference to the plaintiff's choice of forum is inappropriate."  *Kmart Corp.*, 41 F. Supp. 2d at 273.  The language of the forum selection clause in the Asset Purchase Agreement could not be clearer that not only did Plaintiffs agree to "exclusive jurisdiction" in the Delaware Bankruptcy Court over "any dispute arising out of or relating to this Agreement," but they also "irrevocably waive . . . any objection which they [may] have to the laying of venue" in that Court or "any defense of inconvenient forum in connection therewith."[12]  (Ex. A (Asset Purchase Agreement) § 9.10.)  Furthermore, the intent of the Plaintiffs to submit exclusively to jurisdiction in Delaware is revealed by the striking of the language "or any other court of competent jurisdiction" from the section of the Asset Purchase Agreement pertaining to remedies, making it wholly consistent with the forum selection clause. (*Id*. at § 9.15.)

---

[12]    The forum selection clause clearly covers the claims brought by Plaintiffs in this litigation because they arise out of the Asset Purchase Agreement.  *See Credit Suisse Secs. (USA) LLC v. Hilliard*, 469 F. Supp. 2d 103, 107 (S.D.N.Y. 2007) ("When 'arising out of,' 'relating to,' or similar words appear in a forum selection clause, such language is regularly construed to encompass . . . tort claims associated with the underlying contract."); *see also Starad, Inc. v. Lawson Software, Inc.*, No. 04 Civ. 5554 (GEL), 2004 WL 2093512, at *1 (S.D.N.Y. Sept. 16, 2004) (finding clause applying to "any proceeding relating to this Lease Agreement" as "clearly broad enough to encompass not merely claims for breach of the agreements, or even claims arising from the agreements, but any claims that so much as relate to the agreement").  Further, it is clear that the Plaintiffs could not maintain their claims absent the existence of the Asset Purchase Agreement.  *See Korean Press Agency, Inc. v. Yonhap News Agency*, 421 F. Supp. 2d 775, 781 (S.D.N.Y. 2006) (interpreting broad forum selection clause as "squarely within the rule that a contractually-based forum selection clause will also encompass tort claims if the tort claims ultimately depended on the existence of a contractual relationship between the parties") (internal quotations omitted).

In light of the prima facie valid forum selection clause described above, Plaintiffs cannot meet the "heavy burden" necessary to avoid its enforcement.  *See Starad, Inc. v. Lawson Software, Inc.*, 04 Civ. 5554 (GEL), 2004 WL 2093512, at *1 (S.D.N.Y. Sept. 16, 2004); *see also Weiss*, 801 F. Supp. at 1278.  Not only was the Asset Purchase Agreement and its mandatory forum selection clause negotiated among sophisticated parties, but the Bankruptcy Court explicitly found that the Asset Purchase Agreement was negotiated and executed in good faith and at arm's length.  (Ex. B (Order) at ¶ G); *see also Bremen*, 407 U.S. at 12 (enforcing forum selection clause "made in an arm's length negotiation by experienced and sophisticated businessmen").  Accordingly, this Court should uphold the contractual designation of forum for this litigation by transferring this case to the Delaware District Court for referral to the Delaware Bankruptcy Court.

### C.     Jurisdiction in the Delaware Bankruptcy Court is Proper Because This Case Falls Within the Broad Scope of 28 U.S.C. § 1334.

While venue is improper in the Southern District of New York or the New York State Supreme Court, it *is* proper in the Delaware Bankruptcy Court, and thus this Court has the power to transfer this case to Delaware pursuant to § 1406.  For a case to be transferable, the transferee court must be one in which the case could have been brought originally.  *See Int'l Secs. Exchange, LLC v. Chicago Board Options Exchange Inc.*, No. 06 Civ. 13445 (RMB)(THK), 2007 WL 1541087 (S.D.N.Y. May 24, 2007).  Under the jurisdictional provisions in 28 U.S.C. § 1334(b), district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  Because broad bankruptcy jurisdiction is "essential to the efficient administration of bankruptcy proceedings," this Circuit has construed the core jurisdiction of the bankruptcy courts "as broadly as possible" so as to be "close to or congruent with constitutional limits."  *See Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail)*, 304 F.3d 223, 229 (2d Cir. 2002) (internal quotations and citations omitted).

Furthermore, this Circuit has broadly interpreted "related-to" jurisdiction under § 1334(b) to cover any action whose "outcome might have any 'conceivable effect' on the bankrupt estate." *See, e.g., In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). Venue in actions arising under or related to bankruptcy cases is proper in the district in which the bankruptcy case is pending. 28 U.S.C. § 1409(a) ("[A] proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.").

Here, there can be no dispute that venue is proper in Delaware Bankruptcy Court because the assets at issue in this litigation are at the heart of the bankrupt estates, and because adjudication of Plaintiffs' claims will have a direct effect on the bankrupt estates. *See id.* As Plaintiffs' claims pertain to the purchase of the vast majority of Old Winstar's business assets, this suit strikes at the core of the bankruptcy estates and the still ongoing bankruptcy proceedings, and is thus firmly within the jurisdiction of the Bankruptcy Court. (*See* Compl. at ¶¶ 13, 43; *see also* Ex. C (Bankruptcy Docket).) Further, pursuant to the Blackstone Agreement between the Debtors and Blackstone, Blackstone is entitled to be indemnified for any and all costs of defending the instant litigation. (*See* Ex. A (Attachment A).) The Impala Agreement similarly requires the Debtors to indemnify Impala for these costs. (See Ex. F (Impala Agreement) Payment of these costs will affect the amount of money that will be available for distribution to the Debtors' creditors in connection with the pending bankruptcy cases in the Delaware Bankruptcy Court. Accordingly, this case this case falls within the broad jurisdictional provisions of 28 U.S.C. § 1334, and thus venue is proper in the Delaware Bankruptcy Court.

**II.    IN THE ALTERNATIVE, EVEN IF VENUE EXISTS IN THIS DISTRICT, THE CASE SHOULD BE TRANSFERRED TO DELAWARE DISTRICT COURT FOR REFERRAL TO DELAWARE BANKRUPTCY COURT IN THE INTERESTS OF JUSTICE PURSUANT TO SECTION 1404(A).**

If this court determines that venue is proper in this District, it should nonetheless transfer the case to the Delaware District Court for referral to the Delaware Bankruptcy Court pursuant to 28 U.S.C. § 1404(a), which permits such transfers in the interests of justice.[13]  As a threshold matter, a transfer pursuant to that provision would give effect to the chosen forum selection clause and the Bankruptcy Court Order.  *See, e.g., Kmart Corp.*, 41 F. Supp. 2d at 274 (transferring case pursuant to § 1404 in the face of mandatory forum selection clause); *Huntingdon Engineering & Envt'l Inc. v. Platinum Software Corp.*, 882 F. Supp. 54, 58 (W.D.N.Y. 1995) (same).  Even under § 1404(a), "mere inconvenience and expense of travelling are not, standing alone, adequate reasons to disturb the parties' contractual choice of forum;" rather the plaintiff still has the burden to "demonstrate exceptional facts" to avoid litigation in the designated forum.  *Id.*; *see also G & R Moojestic Treats Inc. v. MaggieMoo's Int'l, LLC,* No. 03 Civ. 10027 (RWS), 2004 WL 1110423, at *5 (S.D.N.Y. May 19, 2004).  While an enforceable forum selection clause "is a significant factor that figures centrally in the district court's § 1404(a) calculus," should the Court transfer this case pursuant to § 1404(a) it must also consider additional factors that "come under the heading of 'the interest of justice.'"  *Kmart Corp.*, 41 F. Supp. 2d at 273.

In this case, it is clear that Plaintiffs cannot demonstrate "exceptional facts" such as to preclude this Court from transferring this case to the Delaware Bankruptcy Court.  That the Delaware Bankruptcy Court continues to exercise jurisdiction over the ongoing bankruptcy proceedings for Old Winstar militates strongly in favor of transferring the case to that court, both

---

[13]    Just as this Court could transfer this case to Delaware Bankruptcy Court pursuant to § 1406 because venue is proper there, so too can it transfer the case pursuant to § 1404 for the same reasons.  *See supra*, § I.C.

because transfer of the action will alleviate the Trustee from expending estate resources unnecessarily as a result of litigating in multiple forums, and because of the strong public policy favoring consolidation of actions that could potentially have an effect on the bankrupt estates.[14] *See, e.g., In re Houbigant, Inc.*, 914 F. Supp. 964, 981 (S.D.N.Y. 1995) (noting "strong policy in Bankruptcy to consolidate the proceedings").  Further, Plaintiffs are both Delaware corporations who have already shown a willingness to submit to the jurisdiction of the Delaware Bankruptcy Court.[15]  (*See* Compl. at ¶ 2-6; Ex. A (Asset Purchase Agreement) §§ 9.10, 9.15; Ex. B (Order) ¶ 15.)  Finally, the Delaware Bankruptcy Court is already fully familiar with the operative facts at issue here, and thus adjudication in that forum will save not only the parties' resources, but also judicial resources as well.  *See Int'l Secs. Exchange*, 2007 WL 1541087 at *2 (noting that as part of § 1404(a) analysis, a court should consider "public interest factors" including the transferee court's familiarity with the governing law as well as trial efficiency).

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants Blackstone, Impala, and Citicorp respectfully request that this Court issue an order transferring venue for this case pursuant to 28 U.S.C. § 1406(a), or in the alternative 28 U.S.C. § 1404(a), to the United States District Court for the District of Delaware so that it may be referred to the United States Bankruptcy Court for the District of Delaware.

---

[14]   As stated above, the fact that the Debtors are contractually bound to indemnify Blackstone and Impala for all costs relating to this suit directly implicates the resources of the bankrupt estate.  *See supra*, note 7, § I.C.

[15]   As it was not inconvenient for Plaintiffs to go to the Delaware Bankruptcy Court to buy Old Winstar's Assets, it should be no less convenient for them to prosecute this action there.

Respectfully submitted,

Dated:  June 21, 2007

s/ Yosef. J. Riemer
_____

Yosef J. Riemer
Vickie Reznik
David S. Flugman

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

*Attorneys for Defendant*
*The Blackstone Group L.P.*

s/ Stephen M. Rathkopf
_____

Stephen M. Rathkopf
Andrew C. Gold
John Oleske

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Telephone:     (212) 592-1400
Facsimile:      (212) 592-1500

*Attorneys for Defendant*
*Impala Partners, LLC*

s/ Stephen L. Saxl
_____

Stephen L. Saxl
William Wargo

GREENBERG  TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone:     (212) 801-9200
Facsimile:      (212) 801-6400

*Attorneys for Defendant Citgroup, Inc., as*
*successor by merger to Citicorp*