# Greenberg Traurig

Stephen L. Saxl
(212) 801-2184
saxls@gtlaw.com





June 22, 2007



**BY HAND**

The Honorable Gerard E. Lynch
United States District Judge
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007

      Re:   *Winstar Holdings, LLC, et al. v. The Blackstone Group LP, et al.*
            Case No.: 07 Civ. 4634 (GBL)

Dear Judge Lynch:

      We represent defendant Citigroup Inc., as successor by merger to Citicorp ("Citigroup"), in the above-referenced action. We respectfully request that the Court grant defendants Citigroup and The Blackstone Group LP ("Blackstone") an extension of time to move against, answer or otherwise respond to Plaintiffs' complaint, from the current deadline of **Monday, June 25, 2007**, either:

      (i) until twenty (20) days following an Order determining the Joint Motion by All Defendants to Transfer Venue to the United States District Court for the District of Delaware (for referral to the United States Bankruptcy Court for the District of Delaware), filed by Defendants yesterday; or, in the alternative,

      (ii) for two (2) weeks, through and including July 9, 2007.

      Plaintiffs refused both of these requests at 5:40 p.m. yesterday evening, which necessitates this application. Counsel for Blackstone joins in these requests.

      This is the second request for an extension of time for defendants Citicorp and Blackstone to move against, answer or otherwise respond to Plaintiffs' complaint. Prior to our law firm's retention in this case, at the request of Blackstone's counsel, Plaintiffs consented to an initial two (2) week extension of time for Blackstone and Citicorp to move against, answer or otherwise respond to Plaintiffs' Complaint, until June 25, 2007.

      Our firm was retained earlier this week. On Wednesday (June 20), I spoke with Plaintiffs' counsel (Melissa Roover, Esq.) and requested Plaintiffs' consent to an additional extension -- either (i) tying defendants' time to respond to a ruling on the transfer motion, which Defendants believe is the most efficient and logical way to proceed, or (ii) a short additional courtesy extension (two weeks) to prepare motion to dismiss papers. Plaintiffs' counsel told me that they would get back to us.

Honorable Gerard E. Lynch
June 22, 2007
Page 2

    Yesterday (Thursday, June 21), not having heard back from Plaintiffs' counsel, I left two telephone messages for Plaintiffs' counsel. Finally, in response to our follow-up e-mail, at 5:40 p.m., we received a letter from Plaintiffs' counsel refusing to consent to any additional extension of Monday's deadline, stating as the reasons: "As the complaint was served on your client on May 22, 2007, and we previously granted all defendants a two-week extension on this matter, we decline your request for a further extension. We also see no reason to defer the deadline to answer or otherwise respond to the complaint until after the removal issue has been decided, as in our view the two are not connected."

    This is a suit for money damages arising out of events in 2001. This action was filed in the Supreme Court of the State of New York, County of New York on May 10, 2007. Defendants were served on or about May 22, 2007 (31 days ago). Defendant Impala Partners, LLC removed the action to this Court on federal bankruptcy jurisdiction grounds, with the stated intention of transferring the action to the Delaware Court. Yesterday, defendants filed their Joint Motion to Transfer Venue to the United States District Court for the District of Delaware (for referral to the United States Bankruptcy Court for the District of Delaware). Plaintiffs confirmed on Wednesday that it is their intention to move to remand the case to New York State Court (though they have not yet done so). Accordingly, *all parties* are asking that the case be moved from this Court to some other forum.

    Defendants believe that under the circumstances, it would be most efficient for all parties to have a determination of the forum in which the case will proceed -- Delaware Bankruptcy Court, New York State Supreme Court, or this Court -- before the parties proceed to brief motions to dismiss and opposition papers without knowing what procedural rules apply and the forum.

    In any event, given that we are newly retained in this action this week and that Citicorp and Blackstone presently intend to file coordinated motions to dismiss on numerous grounds, we believe that a two week extension of this deadline is warranted even if the Court is not inclined to tie the deadline to the resolution of the transfer motion.

    Given the imminent deadline (Monday, June 25), we respectfully request that the Court rule on this request today, or at least grant Defendants an interim extension.

                                                      Respectfully,

                                                    Stephen L. Saxl

cc (via e-mail):
  Melissa Roover, Esq.
  Philip C. Silverberg, Esq.
  Vickie Reznik, Esq.
  Andrew C. Gold, Esq.

SO ORDERED

_____
GERARD E. LYNCH, U.S.D.J.
6/25/07