# EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WINSTAR COMMUNICATIONS, INC., et al.,<br><br>Debtors. | Chapter 7<br><br>Case No. 01-1430<br>Jointly Administered |
| CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE OF WINSTAR COMMUNICATIONS, INC. AND WINSTAR WIRELESS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>Defendant. | Adv. Pro. No. 01-01063 (JBR) |

## JUDGMENT

Counts VII, X, and XI of the Second Amended Complaint (the "Complaint") of Christine C. Shubert (the "Trustee"), the Chapter 7 Trustee for the estates of Winstar Communications, Inc., et al. (the "Winstar Estate") against Lucent Technologies Inc. ("Lucent") and Counts 5 and 6 of the Second Amended Answer and Counterclaims of Lucent (the "Counterclaims"), having come on for trial before the Court, after due notice to the parties, and the Court having heretofore made and filed its Memorandum of Decision Including Findings of Fact and Conclusions of Law with Respect to Counts VII, X, and XI of the Second Amended Complaint and Counts 5 and 6 of the Second Amended Answer and Counterclaims (the "Findings of Fact and Conclusions of Law")[1] determining, among other things, that (i) on Count VII of the Complaint, Lucent is in

---

[1] All terms not otherwise defined herein shall be given the meaning ascribed to them in the Findings of Fact and Conclusions of Law.

breach of the Subcontract; (ii) on Count X of the Complaint, all statutory elements establishing a preference have been satisfied and the payment of the Seimens proceeds constitutes a preference, and that Lucent has failed to establish the elements of the New Value defense set forth in 11 U.S.C. § 547(c)(2); (iii) on Count XI of the Complaint, Lucent's claims against the Winstar Estate shall be subordinated pursuant to 11 U.S.C. § 510(c); and (iv) that each of Lucents' Counterclaims shall be dismissed, and an order having been duly entered thereon on December 21, 2005, directing the entry of judgment in favor of the Trustee and against defendant Lucent (i) for the sum of $55,750,742 (after the set-off as agreed to by the parties), plus interest on Count VII of the Complaint; (ii) for the sum of $188,180,000, plus interest on Count X of the Complaint; (iii) subordinating Lucent's claim under 11 U.S.C. § 510(c) of the Bankruptcy Code to the claims of all creditors, including all unsecured claims which includes the deficiency claim of Seimens, if any, and to the interests of those entities who infused the $270 million of equity in Winstar on December 7, 2000 and preserving Lucent's lien for the benefit of the estate and transferring the lien to the Trustee in her representative capacity; and (iv) dismissing the Counterclaims, it is

**ORDERED, ADJUDGED AND DECREED** that judgment be and hereby is entered in favor of the Trustee against Lucent on Count VII of the Complaint and the Trustee shall have and recover from defendant Lucent in the sum of $55,750,742.00, plus pre-judgment interest in accordance with N.Y.C.P.L.R. 5001 at the rate set forth in N.Y.C.P.L.R. 5004 from April 18, 2001, the date of the original complaint,[2] until December 21, 2005, the date the Court issued its Decision, totaling $23,479,466.08, and in accordance with N.Y.C.P.L.R. 5002 for further pre-judgment interest from December 21, 2005, until the date this Judgment is entered in a per diem

---

[2] The Court awards interest from the date of the complaint rather than the date of the breach. *See In re USN Communications, Inc.*, 280 B.R. 573, 602-03 (Bankr. D. Del. 2002).

2

amount of $19,536.22, and for post-judgment interest at the rate fixed pursuant to 28 U.S.C. § 1961 from such date the Judgment is entered until such date that this Judgment is satisfied; and it is further

**ORDERED, ADJUDGED AND DECREED** that judgment be and hereby is entered in favor of the Trustee against Lucent on Count X of the Complaint and the Trustee shall have and recover from defendant Lucent the sum of $188,180,000, plus pre-judgment interest at the rate fixed pursuant to 28 U.S.C. § 1961 from September 27, 2002, until December 21, 2005, the date the Court issued its Decision, totaling $10,734,642.82, plus per diem interest until the date this Judgment is entered totaling $9,390.18, and for post-judgment interest at the rate fixed pursuant to 28 U.S.C. § 1961 from such date the Judgment is entered until such date that this Judgment is satisfied; and it is further

**ORDERED, ADJUDGED AND DECREED** that judgment be and hereby is entered in favor of the Trustee against Lucent on Count XI of the Complaint and, pursuant thereto, (i) Lucent's claims against the Winstar Estate shall be subordinated pursuant to 11 U.S.C. § 510(c) to the claims of all creditors, including all unsecured claims which includes the deficiency claim of Siemens, if any, and to the interests of those entities who infused the $270 million of equity in Winstar on December 7, 2000; and (ii) any lien on or claim held by Lucent on Winstar's assets, including but not limited to the three escrow accounts established by stipulations between the Trustee and Lucent (Bankruptcy Case 01-1430 Docket Nos. 3544, 4026 and 4360), is preserved for the benefit of the Winstar Estate and transferred to the Trustee in her representative capacity; and it is further

**ORDERED, ADJUDGED AND DECREED** that judgment be and hereby is entered in favor of the Trustee against Lucent dismissing with prejudice any and all claims asserted by

Lucent in the Counterclaims, including any claims set forth in Counts 5 and 6 of the Counterclaims.

**ORDERED, ADJUDGED AND DECREED** that the Trustee shall be awarded costs to be taxed.

Judgment signed on this 28th day of December, 2005

*Joel B. Rosenthal*
———————————————
Joel B. Rosenthal
United States Bankruptcy Judge

4