# EXHIBIT 7

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | CASE NO. 01-1430 (JCA) |
| ) | |
| WINSTAR COMMUNICATIONS, INC., et al., ) | |
| ) | JOINTLY ADMINISTERED |
| ) | |
| DEBTORS. ) | CHAPTER 7 |
| ) | |

**ORDER (i) FIXING AUGUST 30, 2002 AS THE LAST DATE FOR THE
FILING OF PROOFS OF CLAIM FOR ADMINISTRATIVE COSTS
AND EXPENSES THAT AROSE, ACCRUED, OR OTHERWISE
BECAME DUE AND PAYABLE ON AND BETWEEN
APRIL 18, 2001 AND JANUARY 24, 2002 AND
(ii) SPECIFYING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application (the "Application") of Christine C. Shubert, the chapter 7 trustee (the "Trustee") in the above-captioned cases, seeking the issuance and entry of an order (i) fixing August 30, 2002 as the last date for the filing of proofs of claim for administrative costs and expenses that arose, accrued, or otherwise became due and payable on and between April 18, 2001 and January 24, 2002 (the "Administrative Expense Period"), (ii) specifying the form and manner of notice thereof, and (iii) for such other and further relief as this Court deems just and proper; and it appearing that the relief requested in the Application is reasonable and necessary and in the best interests of the Debtors' estates and their respective creditors; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that for purposes hereof, Administrative Claim shall mean the (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or (b) right to an equitable remedy for breach of performance if such breach gives rise

Doc #304433l8.WPD/6.1

to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured; and with respect to either (a) or (b) above, which arose or accrued on and between between April 18, 2001 and January 24, 2002 (the "Administrative Expense Period") and which is entitled to priority in accordance with sections 503 and 507(a)(1) of the Bankruptcy Code; and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(3) and except as otherwise provided herein, all persons and entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, and governmental units, who hold or assert any Administrative Claims against any of the Debtors, which Administrative Claims arose, accrued, or otherwise became due and payable during the Administrative Expense Period, shall file a complete and duly executed proof of Administrative Claim conforming to Official Form No. 10 of the Official Bankruptcy Forms by no later than 5:00 p.m. Eastern Time on August 30, 2002 (the "Administrative Bar Date"), with such proofs of Administrative Claim to be deemed filed only when <u>actually received</u> at the locations set forth hereinbelow; *provided, however,* that pending further order of the Court, the holders of Administrative Claims of the following type or nature <u>need not</u> file proofs of Administrative Expense Claims held by persons on or prior to the Administrative Bar Date:

    (a)    Any person or professional holding an Administrative Claim for compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331 or 503(b) of the Bankruptcy Code;

    (b)    Any holder of an Administrative Claim which arose or accrued or otherwise became due and payable subsequent to the Administrative Bar Date;

    (c)    Any Administrative Claim of any of the Debtors or their affiliates against one or more of the Debtors;

    (d)    Any holder of an Administrative Claim that has been allowed by order of this Court, or who has previously filed proof of such Administrative Claim with the Court; and

    (e)    The Office of the United States Trustee with respect to Administrative Claims that arise in connection with fees due under section 1930 of title 28 of the United States Code;

and it is further

ORDERED, that, pursuant to Bankruptcy Rule 9009, each proof of Administrative Claim filed pursuant to this Order shall specifically set forth the full name or names of the Debtor or Debtors against which any such Administrative Claim is asserted; and it is further

ORDERED, that, pursuant to Bankruptcy Rule 3003(c)(2), each and every holder of an Administrative Claim against any of the Debtors who, by this Order, is required to file a proof of Administrative Claim in the form and manner specified herein, but who fails to do so on or before the Administrative Bar Date, shall <u>not</u>, with respect to any such Administrative Claim(s), be treated as the holder of such Administrative Claim(s) against any of the Debtors for the purposes of receiving any distribution from the Trustee herein, and shall be forever barred, estopped, restrained, and enjoined from asserting any such Administrative Claim(s) against any of the Debtors or their successors or assigns, and the Debtors and their properties shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Claim(s); and it is further

ORDERED, that pursuant to Bankruptcy Rule 2002(a)(7), (j), and (k), service of notice of the Administrative Bar Date (the "Notice"), substantially in the form attached to the Application as Exhibit "A" thereof, the form of which is hereby approved in all respects, shall be deemed good and sufficient notice of the Administrative Bar Date if served by first class United States mail on or before June 18, 2002 upon: (i) the Office of the United States Trustee; (ii) counsel for the postpetition bank group; (iii) counsel for the prepetition bank group; (iv) counsel to the Committee (as defined in the Application); (v) all persons and entities that have filed notices of appearance herein; (vi) all persons or entities listed in the Debtors' schedules and statement of financial affairs, or any amendments thereto (the "Schedules"), as holding "claims," as that term is defined in section 101(5) of the Bankruptcy Code, against the Debtors; (vii) all persons or entities listed in the Schedules as being a party to an executory contract or unexpired lease with the Debtors; (viii) the Director of the Internal Revenue Service for the District of Delaware; (ix) the Securities and Exchange Commission; (x) the United States Attorney for the District of Delaware; and (xi) all other persons or entities whom the Debtors believe may hold an Administrative Claim; and it is further

ORDERED, that pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall cause a copy of the Notice to be published once in the national edition of *The New York Times* and/or *The Wall Street Journal* (or similar publication), on or before June 25, 2002; and it is further

ORDERED, that a proof of Administrative Expense Claim shall be deemed filed (i) if by first class United States mail, only when it is **actually received** by and at:

Bankruptcy Services, LLC
c/o Winstar Communications, Inc. *et al.*
Claims Processing
P.O. Box 5287
FDR Station
New York, New York 10150-5287

or, (ii) if filed in person or by hand delivery, only when it is **actually received** by and at:

Bankruptcy Services, LLC
c/o Winstar Communications, Inc. *et al.*
Claims Processing
Heron Tower
70 East 55th Street,
Sixth Floor
New York, New York 10022

and it is further

ORDERED, that nothing in this Order shall be deemed to prejudice the right of any of the Trustee or any other party in interest herein to dispute the allowance of, or assert setoff rights or any other defenses or counter-claims to, any Administrative Claim, including any objection to amount, liability, or classification, and to subsequently designate any Administrative Claim as disputed, contingent, or unliquidated; and it is further

ORDERED, that the Trustee is hereby authorized and empowered to do such things and expend such funds as may be necessary and appropriate to implement and effectuate the terms of this Order.

Dated:   Wilmington, Delaware
         June __, 2002

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE

Doc #30443318.WPD/6.1

5