UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WINSTAR HOLDINGS, LLC and
IDT CORP.,

                   Civ. No.: 07 CV 4634 (GEL)
        Plaintiff,        ECF Case

  -against-

THE BLACKSTONE GROUP LP; IMPALA
PARTNERS, LLC; AND CITICORP

        Defendants.
-----------------------------------------------------------------x


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR MOTION TO REMAND**


COHEN TAUBER SPIEVACK & WAGNER LLP
Joseph M. Vann (JMV 7601)
Ira R. Abel (IA-1869)
Jed Lewin (JL 2428)
420 Lexington Avenue
New York, New York 10170
(212) 586-5800

and

GRAYSON & KUBLI, P.C.
Alan M. Grayson, of counsel
Melissa Roover (MR 1163)
1420 Spring Hill Road, Suite 230
McLean, Virginia 22102
(703) 749-0000


*Attorneys for Plaintiffs Winstar Holdings, LLC and IDT Corp.*

**TABLE OF CONTENTS**

                                                                  **Page**

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    POINT I - PLAINTIFFS' STATE LAW TORT CLAIMS ARE NOT WITHIN
           THE BANKRUPTCY COURT'S "CORE" JURISDICTION .................................... 2

        A.      The Bankruptcy Court Does Not Have "Arising In"
               Jurisdiction Over This Non-Core Lawsuit ........................................................... 3

        B.      The Bankruptcy Court Does Not Have "Arising Under"
               Jurisdiction Over This Non-Core Proceeding ...................................................... 5

        C.      The Bankruptcy Court Does Not Have "Related to"
               Jurisdiction Over This Non-Core Proceeding ...................................................... 6

    POINT II – MANDATORY ABSTENTION REQUIRES THAT
           THE LAWSUIT BE REMANDED TO THE STATE COURT ................................ 7

    POINT III - ALTERNATIVELY, THIS COURT SHOULD
           ABSTAIN FROM EXERCISING JURISDICTION OVER
           THE LAWSUIT, ON "PERMISSIVE" OR "EQUITABLE" GROUNDS .............. 8

CONCLUSION ............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Amanat v. Wollmuth Maher & Deutsch, LLP* (*In re Amanat*),
    338 B.R. 574 (Bankr. S.D.N.Y. 2005) ........................................................................... 9

*Anselmo v. Univision Station Group Inc.*,
    No. 92 Civ. 1471 (RLC), 1993 WL 17173, at *1 (S.D.N.Y. Jan. 15, 1993) .......................... 5, 6

*Armco Inc. v. North Atlantic Ins. Co.*,
    68 F. Supp. 2d 330 (S.D.N.Y. 1999) .......................................................................... 4, 5, 6

*Beightol v. UBS Painewebber* (*In re Global Crossings, Ltd. Secs. Litig.*),
    311 B.R. 345 (S.D.N.Y. 2003) .................................................................................. 7

*Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*,
    337 B.R. 22 (S.D.N.Y. 2005) .................................................................................... 9

*Consulting Actuarial Partners, Ltd. v. Descap Planning, Inc.* (*In re Consulting Actuarial Partners*),
    72 B.R. 821 (Bankr. S.D.N.Y. 1987) ........................................................................... 3

*Digital Satellite Lenders, LLC v. Ferchill*,
    No. 03-8803, 2004 WL 1794502, at *5 (S.D.N.Y. Aug. 10, 2004) ................................. 10

*General Elec. Cap. Corp. v. Pro-Fac Coop.*,
    No. 01 Civ. 10215, 2002 WL 1300054 (S.D.N.Y. June 12, 2002) ................................ 7, 8

*Guccione v. Bell*,
    No. 06-492, 2006 WL 2032641, at *5 (S.D.N.Y. July 20, 2006) .................................... 10

*In re Paolo Gucci,*
    193 B.R. 417 (Bankr. S.D.N.Y. 1996) .......................................................................... 3

*Kerusa Co. v. W10Z/515 Real Estate Ltd.*,
    No. 04 Civ. 708, 2004 WL 1043239, at *3 (S.D.N.Y. May 7, 2004) ............................. 8, 9, 10

*Kolinsky v. Russ* (*In re Kolinsky*),
    100 B.R. 695 (Bankr. S.D.N.Y. 1989) ......................................................................... 4

*Linardos v. Fortuna*,
    157 F.3d 945 (2d Cir. 1998) ....................................................................................... 3

**Page**

*LTV Steel Co. v. Shahala (In re Chateaugay Corp.)*,
　53 F.3d 478 (2d Cir. 1995) ................................................................................................. 8

*Mt. McKinley Ins. Co. v. Corning Inc.*,
　399 F.3d 436 (2d Cir. 2005) ............................................................................................... 8

*Neuman v. Goldberg*,
　159 B.R. 681 (S.D.N.Y. 1993) ......................................................................................... 11

*New Moon Shipping Co., Ltd., v. Man B&W Diesel Ag*,
　121 F.3d 24 (2d Cir.1997) .................................................................................................. 4

*New York City Employees' Retirement Sys. v. Ebbers (In re WorldCom, Inc. Sec. Litig.)*,
　293 B.R. 308 (Bankr. S.D.N.Y. 2003) ............................................................................ 3, 8

*Olin Corp. v. Riverwood Int'l Corp. (In re Manville)*,
　209 F.3d 125 (2d Cir. 2000) ............................................................................................... 8

*Orion Pictures Corporation v. Showtime Networks, Inc. (In re Orion)*,
　4 F.3d 1095 ...................................................................................................................... 11

*Osanitsch v. Marconi PLC (In re Marconi PLC)*,
　363 B.R. 361 (Bankr. S.D.N.Y. 2007) ............................................................................... 4

*Silverman v. General Railway Signal Co. (In re Leco Enterp.)*,
　144 B.R. 244 (Bankr. S.D.N.Y. 1992) ..................................................................... 3, 4, 6, 7

*Stahl v. Stahl*,
　No. 03 Civ. 0405 VM, 2003 WL 22595288, at *3 (S.D.N.Y. Nov. 7, 2003) ................... 11

*Sterling Vision, Inc. v. Sterling Optical Corp. (In re Sterling Optical Corp.)*,
　302 B.R. 792 (Bankr. S.D.N.Y. 2003) ............................................................................... 3

**Other Authorities**

28 U.S.C. § 1334(c)(2) ........................................................................................................ passim

28 U.S.C. § 1452 ......................................................................................................................... 2

**Rules**

Federal Rule of Bankruptcy Procedure 9027 ..................................................................... 1, 2, 9

Plaintiffs Winstar Holdings, LLC and IDT Corp. (together, "Plaintiffs") respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Remand ("Motion to Remand") seeking the entry of an Order, pursuant to 28 U.S.C. § 1334(c)(2), remanding this Lawsuit[1] to the Supreme Court of the State of New York.[2] The Motion to Remand should be granted because of the absence of bankruptcy jurisdiction or pursuant to the mandatory abstention doctrine, or, in the alternative, pursuant to the permissive abstention or discretionary remand provisions of 28 U.S.C. §§ 1334(c)(1) and 1452(b).[3]

## PRELIMINARY STATEMENT

In its Notice of Removal, defendant Impala initially alleged that this Court has jurisdiction over the Lawsuit because its contingent, never-asserted indemnification claim against a non-party somehow "relates" to the Old Winstar Liquidation Proceeding. Recognizing that this argument is without merit, Defendants, in their Opposition to Plaintiffs' Motion to Remand, manufacture an alternate route to alleged federal bankruptcy jurisdiction. They now claim that this Lawsuit was removed to this Court pursuant to

---

[1] Any capitalized term not defined herein shall have as its meaning the definition ascribed to the term in Plaintiffs' Memorandum of Law in Support of their Motion to Remand.

[2] In their desperation to manufacture jurisdiction in the Bankruptcy Court, Defendants claim in footnote 11 of their Joint Memorandum of Law in Opposition ("Opp. Br.") that Plaintiffs have not "formally" moved for abstention. This is demonstrably incorrect. Plaintiffs expressly requested mandatory abstention in both their Notice of Motion dated July 1, 2007 (Docket Entry No. 21) and in their Motion to Remand, dated July 1, 2007 (Docket Entry No. 22) ("…or pursuant to the mandatory abstention provisions of §1334(c)(2)…"). Plaintiffs titled their pleadings "Motion for Remand" rather than "abstention" to reflect the reality that irrespective of the grounds upon which this Court ultimately recognizes that it lacks, or declines to exercise, jurisdiction over the Lawsuit, the ultimate relief this Court will grant to Plaintiffs is remand of the Lawsuit to the Supreme Court of the State of New York. Similarly, Defendants incorrectly claim that "Plaintiffs failed to file a 'timely' abstention motion in accordance with Federal Rule of Bankruptcy Procedure 9027(e)(3)." (Opp. Brief at 4.) Rule 9027(e)(3) does not require an abstention motion. Rather, it requires a response to the removing party's statement as to whether the action is core or non-core. Because Defendants never filed a statement indicating whether the removed Lawsuit is core or non-core, no statement exists to which Plaintiffs had to respond under Rule 9027(e)(3).

[3] Presently pending before this Court are Plaintiffs' Motion to Remand and Defendants' Joint Motion for Transfer of Venue. It is undisputed that "[w]hen presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." *Stahl vs. Stahl*, No. 03-0405, 2003 WL 22595288, at *2 (S.D.N.Y. Nov. 7, 2003) (Marrero, J.). Nevertheless, pursuant to this Court's Order, dated July 2, 2007 (Docket Entry No. 26), the parties were directed to brief the issues of remand and venue contemporaneously for reasons of judicial efficiency. That led to some overlap in the arguments and counter-arguments by the parties. Plaintiffs incorporate herein their opposition to Defendants' Joint Motion for Transfer of Venue (Docket Entry Nos. 29 and 30).

the bankruptcy court's "arising under" and "arising in" jurisdiction[4] because Plaintiffs' state law tort claims supposedly are closely entwined with the APA. Accordingly, Defendants claim that bankruptcy "core" jurisdiction, rather than "related to" jurisdiction governs. As demonstrated herein, this is incorrect. For the reasons stated herein, the Court should reject Defendants' proposed grounds for seeking bankruptcy court jurisdiction over this Lawsuit. To the extent Defendants still argue "related to" jurisdiction, this Court should abstain on mandatory abstention grounds.

In the alternative, this Court should abstain on "permissive" or "discretionary" grounds under 28 U.S.C. §§ 1334(c)(1) and 1452(b), because, *inter alia*, state law claims predominate in this Lawsuit, this Lawsuit is not sufficiently "related to" the Liquidation Proceeding, and Plaintiffs seek a jury trial to decide their state law claims (and Bankruptcy Courts cannot try non-core jury cases).

## ARGUMENT

### POINT I

### PLAINTIFFS' STATE LAW TORT CLAIMS ARE NOT WITHIN THE BANKRUPTCY COURT'S "CORE" JURISDICTION

"A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction." *New York City Employees' Retirement Sys. v. Ebbers* (*In re WorldCom, Inc. Sec. Litig.*), 293 B.R. 308, 317 (Bankr. S.D.N.Y. 2003) (*citing Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). Bankruptcy court jurisdiction, while broad, is limited to "matters 'arising in,' 'arising under,' or

---

[4] Defendants claim that Impala asserted "core" jurisdiction in its Notice of Removal. However, the only basis of bankruptcy jurisdiction actually articulated by Impala is "related to" jurisdiction. Impala first stated in its Notice of Removal that "[t]he State Court Action is properly removable *because of its close connection* to the Debtor's Chapter 11 proceedings pending in the Bankruptcy Court." Notice of Removal, ¶ 5 (emphasis supplied). Then, after a discussion of the APA and Sale Order in Paragraphs 8-11, Impala asserted that under 28 U.S.C. § 1452, "matters that can be removed include claims "related" to a bankruptcy case…" Notice of Removal, ¶ 13. Similarly, Impala thereafter stated that "[t]o the extent that the Bankruptcy Court does not possess core jurisdiction over Plaintiff's claims, it possesses "related-to" jurisdiction over them." Notice of Removal, ¶ 16. Although Impala also referenced in passing "core" and "arising in" jurisdiction (in paragraphs 13-14), Impala did not articulate any specific basis for such assertions. Of course, Impala could have avoided any ambiguity as to "core" or "non-core" by simply complying with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, which it did not. Rule 9027(a)(1) requires that a notice of removal "contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core, and, if non-core that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge," which Defendants also failed to do (and have still failed to do).

2

'related to' a case filed under the Bankruptcy Code." *In re Paolo Gucci,* 193 B.R. 417, 418 (Bankr. S.D.N.Y. 1996). Defendants have failed to satisfy their burden of establishing federal jurisdiction.

### A. The Bankruptcy Court Does Not Have "Arising In" Jurisdiction Over This Non-Core Lawsuit.

In this Circuit, "a claim 'arises in' bankruptcy if, by its very nature, the claim can only be brought in a bankruptcy action, because it has no existence outside of bankruptcy." *Sterling Vision, Inc. v. Sterling Optical Corp.* (*In re Sterling Optical Corp.*), 302 B.R. 792, 801 (Bankr. S.D.N.Y. 2003). "'Arising in' and 'arising under' proceedings encompass the matters that are at the core of the jurisdiction of the bankruptcy courts, and 'depend upon the application or construction of bankruptcy law as expressed in Title 11.'" *Silverman v. General Railway Signal Co.* (*In re Leco Enterp.*), 144 B.R. 244, 248 (Bankr. S.D.N.Y. 1992) (quoting *Consulting Actuarial Partners, Ltd. v. Descap Planning, Inc.* (*In re Consulting Actuarial Partners*), 72 B.R. 821, 828 (Bankr. S.D.N.Y. 1987)). Such proceedings must "invoke[] a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Leco Enterp.*, 144 B.R. at 249.

Couching their arguments in bankruptcy nomenclature, Defendants attempt to turn Plaintiffs' simple, straightforward Lawsuit for damages based on Defendants' acts and omissions made *prior* to the APA - to which the Defendants were not parties - into a "core" bankruptcy proceeding by asserting, without basis, that extensive analysis and interpretation of the APA will be required[5] and that the forum selection clause of the APA therefore governs the Lawsuit.[6] To be a core proceeding, however, "an action must have as its foundation the creation, recognition or adjudication of rights which would not exist independent of a bankruptcy." *Id; see also Osanitsch v. Marconi PLC (In re Marconi PLC)*, 363

---

[5] Contrary to Defendants' unfounded assertion, the December 19, 2001 order of the bankruptcy court approving the APA (the "Sale Order") has no bearing whatsoever on this Lawsuit against these Defendants for damages caused by Defendants' pre-APA tortious conduct. The Defendants were not parties to the APA and never owned any assets transferred under the APA. Defendants were not impacted or "effected" [sic] by the APA (or the Sale Order). No claim in the Lawsuit turns on the APA or the Sale Order or requires the APA to be interpreted, implemented, modified, enforced or rescinded.

[6] Plaintiffs, as "[t]he 'party seeking to avoid enforcement of [a forum selection clause is] entitled to have the facts viewed in the light most favorable to it... .' " *Armco Inc. v. North Atlantic Ins. Co.*, 68 F. Supp. 2d 330, 338 (S.D.N.Y. 1999) *citing, New Moon Shipping Co., Ltd., v. Man B&W Diesel Ag,* 121 F.3d 24, 29 (2d Cir.1997).

3

B.R. 361, 366 (Bankr. S.D.N.Y. 2007) (holding that plaintiff's complaint alleging tort and contract claims against debtor were "manifestly" not created by or unique to bankruptcy law); *Kolinsky v. Russ* (*In re Kolinsky)*, 100 B.R. 695, 701 (Bankr. S.D.N.Y. 1989) (holding that the sale of the majority of a non-debtor's assets to plaintiff during pendency of debtor's chapter 11, which resulted in plaintiff's claim for rescission due to the alleged fraudulent conduct of the defendants, did not implicate any provision of Title 11 and was therefore not a case "arising under" Title 11).

Defendants argue that 'core' jurisdiction exists because their defense to the Lawsuit requires extensive analysis and interpretation of the APA (to which the Defendants were not even parties).[7] Plaintiffs, however, assert only tort claims for damages relating to Defendants' improper acts prior to the creation of the APA which, by their very nature, precede and have no bearing upon or relationship to the APA.[8] *See, e.g., Armco,* 68 F. Supp. 2d at 338 (holding defendants' pre-contract fraud and misrepresentations made prior to the formation of the sale contract did not "arise under" or "arise in connection with" the contract); *see also Anselmo v. Univision Station Group Inc.*, No. 92 Civ. 1471 (RLC), 1993 WL 17173, at *1 (S.D.N.Y. Jan. 15, 1993) (concluding that plaintiff's tort claims did not "relate to" the agreement because the tort grew out of events which preceded the agreement).

Defendants' most brazen attempt to create bankruptcy court jurisdiction where none exists, however, is their attempt to claim that the Lawsuit is a "core" proceeding because it "involves a contract and sale that took place within the Winstar bankruptcy," and that therefore the Lawsuit "could not have

---

[7] Defendants also ironically assert that because their tortious acts and omissions induced Plaintiffs to enter into the APA, the APA must be enforced against the Plaintiffs. This argument makes no sense in light of the fact that Plaintiffs are not seeking to enforce, circumvent, challenge, alter, modify, rescind or otherwise affect the APA in any manner.

[8] Plaintiffs concede that the Delaware Bankruptcy Court retained "exclusive jurisdiction" to adjudicate disputes concerning the enforcement or interpretation of the APA in the Sale Order. However, the jurisdiction of the bankruptcy court is established by statute; a bankruptcy court order does not and cannot somehow expand that jurisdiction beyond what the statutes provide. The APA is merely a red-herring raised by Defendants to confuse the Court into thinking that non-existent bankruptcy issues somehow bear on Defendants' fraudulent and tortious conduct. Moreover, this Lawsuit has absolutely nothing to do with the enforcement or interpretation of the APA. This is evident because it is based upon Defendants' pre-APA activities and, had Plaintiffs not entered into the APA, Plaintiffs still could maintain the Lawsuit to recover the significant expenses they incurred to participate in and bid at the bankruptcy auction of Old Winstar's assets. *See* Complaint ¶ 38. Accordingly, Defendants' tortious acts remain actionable independent of the APA.

existed outside of the Winstar Bankruptcy Case." (Opp. Br. at 7). By this logic, any action, relating to any contract or any sale, entered into during a bankruptcy, must necessarily be within the bankruptcy court's "core" jurisdiction, regardless of the claims alleged or the parties involved. This is not true and tellingly, Defendants cite no authority for this novel proposition.[9]

Defendants also assert that this action "concerns the administration of the Debtor's estate, and thus comes within the core jurisdiction of the bankruptcy court." (Opp. Br. at 8). Defendants fail to demonstrate how a tort Lawsuit against non-debtors will "concern the administration of Debtor's estate," except to state that defendants Blackstone and Impala have potential claims for indemnification from the Debtor, that discovery will be required of the Debtor and that Defendants "may assert third-party claims against the Debtor." (Opp. Br. at 9). Those assertions, however, fail to establish "core" jurisdiction. As demonstrated below, Defendants indemnification claims against the Old Winstar Chapter 7 Trustee are time barred by the June 11, 2002 bar date order of the Bankruptcy Court (the "Bar Order").[10] Accordingly, Defendants' assertions fail to establish even "related to" jurisdiction, let alone "arising in" (core) jurisdiction.

### B. The Bankruptcy Court Does Not Have "Arising Under" Jurisdiction Over This Non-Core Proceeding.

"Arising under jurisdiction includes only those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *In re Leco Enterp.*, 144 B.R. at 249. Defendants once again put the cart before the horse and allege that the Court has "arising under" jurisdiction over the Lawsuit "because it will be necessary for the Delaware Bankruptcy Court to interpret the Sale Order." (Opp. Br. at 9). First, the Sale Order has no relevance to the Lawsuit. *See,* Section A, *supra.* Second, the

---

[9] Moreover, as noted above, pre-APA conduct does not "arise under" or "relate to" the APA and therefore requires no interpretation or enforcement of the APA. Nor can Defendants create a relationship between the Lawsuit and the APA, where none exists, by their conclusory assertions that their defense will require reference to and interpretation of provisions of the APA and Sale Order. Similarly, therefore, the forum selection clause in the APA is also inapplicable to the Lawsuit. *See, Armco,* 68 F. Supp. 2d at 338; *Anselmo,* 1993 WL 17173, at *1.

[10] Moreover, the Lawsuit cannot possibly have any effect on the "administration" of a Liquidation Proceeding whose sole focus and "administration" for the better part of the past five years has been to pursue the Debtors' claims against Lucent, an exercise that even after the passage of five years continues to wind its tortured way through the appellate courts.

5

Sale Order terms are uncontested, so its interpretation is neither instructive nor vested entirely in the bankruptcy court. Finally, even if the Sale Order were somehow implicated in this Lawsuit – and it is not – Defendants' argument misses the point entirely. Defendants have not alleged or even alluded to any substantive right created in their favor by a statutory provision of Title 11, nor have they established how the Lawsuit concerns matters that could only have arisen under Title 11. *In re Leco Enterp.*, 144 B.R. at 249.

      **C.**      **The Bankruptcy Court Does Not Have "Related to" Jurisdiction Over This Non-Core Proceeding.**

Although Defendants purport to rely heavily on this Court's opinion in *In re Global Crossings, Ltd. Securities Litigation*, Defendants continually misstate the correct standard for establishing "related to" jurisdiction, as set forth in that decision. The test to determine whether an action is "related to" a bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate *being administered in bankruptcy.*" *Beightol v. UBS Painewebber* (*In re Global Crossings, Ltd. Secs. Litig.*), 311 B.R. 345 (S.D.N.Y. 2003) (Lynch, J.) (emphasis added).[11] For a federal court to have "related to" jurisdiction over an action, "the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way *impacts upon the handling and administration of the bankrupt estate.*" *Id.* [12] "Related to" jurisdiction "extends more broadly when it concerns a reorganization under Chapter 11, as opposed to a liquidation under Chapter 7," as here. *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. at 317.

---

[11] Defendants conveniently misconstrue the portion of this Circuit's "related to" test to address the impact that the outcome of an action might have on the bankruptcy estate, clearly ignoring the fact that the impact must be on the *administration* of the debtor's estate.

[12] Notably, in *General Elec. Cap. Corp. v. Pro-Fac Coop.*, No. 01 Civ. 10215, 2002 WL 1300054 (S.D.N.Y. June 12, 2002), the Court recognized that even though contribution and indemnification claims *could* conceivably "affect" the estate, such claims were an "insufficient basis for jurisdiction. *Id.* at *2. Even if it could exercise "related to" jurisdiction, the Court determined that remand would still be appropriate "in light of the non-exclusive nature of federal court jurisdiction . . . as well as on equitable grounds, including respect for Plaintiff's choice of forum, [and] the ability of the chosen forum to conduct a jury trial." *Id.* at *3.

6

In any event, Defendants' arguments of "related to" jurisdiction are fatally flawed, because they have not filed any claims for indemnity in the Liquidation proceeding, nor can they in the face of the Bar Order precluding such claims.[13] Amazingly, Defendants, despite having not filed any timely claims for indemnity in the Liquidation Proceeding, argue that such nonexistent claims form a basis for "related to" jurisdiction.

Accordingly, Defendants have not met their burden of demonstrating "related to" jurisdiction. But even if they had, as demonstrated below, mandatory abstention requires remand of the Lawsuit to State Court anyway.

## POINT II

### MANDATORY ABSTENTION REQUIRES THAT THE LAWSUIT BE REMANDED TO THE STATE COURT

It is well-settled in this Circuit that mandatory abstention under 28 U.S.C. § 1334(c) applies to actions removed from state courts. *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 446-47 (2d Cir. 2005); *Amanat v. Wollmuth Maher & Deutsch, LLP* (*In re Amanat*), 338 B.R. 574, 582 (Bankr. S.D.N.Y. 2005). Federal courts considering mandatory abstention pursuant to 28 U.S.C. 1334(c)(2) have consistently held, in accordance with the plain language of the statute, that they must abstain from exercising jurisdiction over an action removed from a state court whenever six factors of the statute are

---

[13] Defendants concede that the Bar Order precludes the filing now of any administrative claims "which arose or accrued on and between April 18, 2001 and January 4, 2002," but nevertheless maintain that the Lawsuit was not filed until May 2007 and therefore any potential indemnity claims by Defendants against Debtor did not "arise" until the Lawsuit was filed. This is false. For "[w]hether a claim exists is determined by bankruptcy law, while the time a claim *arises* is determined under relevant non-bankruptcy law. *Olin Corp. v. Riverwood Int'l Corp. (In re Manville),* 209 F.3d 125, 128 (2d Cir. 2000) (*citing LTV Steel Co. v. Shahala (In re Chateaugay Corp.),* 53 F.3d 478, 497 (2d Cir. 1995)). A contractual claim for indemnity "arises" upon signing of the agreement giving rise to the indemnity. *Olin,* 209 F.3d at 129 ("Under contract law, a right to payment based on a written indemnification contract arises at the time the indemnification agreement is executed."). Here, the purported indemnification agreements all were executed in or around July, 2001. Accordingly, Defendants, who concede that they have not filed any administrative claims against the Old Winstar estate (Impala and Blackstone first "notified" the Old Winstar Chapter 7 Trustee in July 2007 of their alleged indemnity right, Gold Decl., Exhibit 8), are time barred by the Bar Order from doing so. As a result, unlike in *Global Crossing* where there was apparently no bar to the filing of claims against the debtor estate by a defendant/indemnitee, there are no indemnity claims that can be asserted by Defendants here that can have ***any*** impact whatsoever on the administration of the Liquidation Proceeding.

7

present.[14]  In their Opposition, Defendants unsuccessfully argue that: (1) "arising in" or "arising under" jurisdiction renders mandatory abstention inapplicable; (2) Plaintiffs' Motion was not timely for failure of Plaintiffs to file a Rule 9027(e)(3) response; (3) the Lawsuit involves federal law in addition to state law; and (4) the Lawsuit may not be timely adjudicated in the state court.  (Opp. Br. at 15-18).  As discussed above, there is no "arising in" or "arising under" jurisdiction here; Defendants never filed the necessary Rule 9027(a)(1) statement that would require Plaintiffs' 9027(e)(3) response; the Lawsuit involves only state law claims; and the action will be more timely adjudicated in state court.  *See* Point I *supra.* [15]  As demonstrated in the Motion to Remand, all six factors for mandatory abstention under 28 U.S.C. 1334(c)(2) are satisfied here, and, accordingly, even if "related to" jurisdiction existed, which it does not, this Court *must* abstain, and remand the Lawsuit to the Supreme Court for the State of New York, where it rightfully belongs.

### POINT III

**ALTERNATIVELY, THIS COURT SHOULD
ABSTAIN FROM EXERCISING JURISDICTION OVER
THE LAWSUIT, ON "PERMISSIVE" OR "EQUITABLE" GROUNDS**

Courts in this district have abstained from exercising jurisdiction on permissive grounds under 28 U.S.C. §1334(c)(1) if the eight relevant factors (as set forth in Plaintiffs' Motion to Remand) are satisfied. *See, Kerusa Co. v. W10Z/515 Real Estate Ltd.,* No. 04 Civ. 708, 2004 WL 1043239, at *3 (S.D.N.Y.

---

[14] Namely, (1) the motion to abstain is made on time; (2) the action is based on state law claims; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) Section §1334(b) would provide the sole basis for federal jurisdiction; (5) an action was commenced in state court; and (6) that action can be adjudicated in a timely manner in state court.  *Amanat*, 338 B.R. at 581 (and cases cited therein); *see also Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 337 B.R. 22, 27 (S.D.N.Y. 2005).

[15] Defendants are wrong in claiming that the State Court could not conclude the Lawsuit as expeditiously as the Bankruptcy Court.  *See Amanat vs. Wollmuth, Maher & Deutsch, LLP,* 338 B.R. 574, 582 (Bankr. S.D.N.Y. 2005) (recognizing the "fast-track" of the Commercial Division of the Supreme Court of the State of New York).  This is particularly true given that the Lucent lawsuit, now on appeal to the Third Circuit Court of Appeals, has been pending for six (6) years.  Indeed, it took more than four (4) years for the Old Winstar Trustee just to obtain a judgment against Lucent (*see Gold. Decl. (Docket Entry No. 32), at Ex.5)* and another year and a half to obtain an affirmance by the District Court of that judgment (*see Gold Decl., at Ex. 6).*  It is unknown how long the Third Circuit Court of Appeals will take to render a decision on appeal, nor how many more years of litigation between the Old Winstar Trustee and Lucent any such decision may engender.  Of course, the Trustee has no reason to administer any claims in the Liquidation Proceeding until the Lucent litigation is completely concluded, for that is apparently the only known source of funds that may become available for distribution to Old Winstar's creditors.

May 7, 2004) (Lynch, J.).  Courts exercising "equitable" authority to remand removed actions to state courts are guided by the same factors.  Courts in this Circuit treat the analysis for discretionary abstention under 28 U.S.C. §1334(c)(1) and equitable remand under 28 U.S.C. §1452(b) as essentially identical. *Kerusa Co.,* 2004 WL 1048239, at * 3; *see also Digital Satellite Lenders, LLC v. Ferchill*, No. 03-8803, 2004 WL 1794502, at *5 (S.D.N.Y. Aug. 10, 2004); *Guccione v. Bell*, No. 06-492, 2006 WL 2032641, at *5 (S.D.N.Y. July 20, 2006).

Plaintiffs have amply demonstrated in their Motion for Remand that these factors weigh decidedly in favor of abstention and remand.  Plaintiffs' Memorandum of Law in Support of Their Motion to Remand, at 17-23.  To reiterate one important factor, Plaintiffs assert that the Lawsuit is non-core and non-related and they do not consent to a final determination by the Bankruptcy Court of the Lawsuit. Plaintiffs also insist upon their right to a jury trial,[16] which the Bankruptcy Court cannot conduct.[17]  Accordingly, a hearing in the Bankruptcy Court, which cannot enter final judgment or conduct a jury trial, merely duplicates proceedings. The Bankruptcy Court cannot enter final judgment, which will require a subsequent *de novo* review by the district court.  And, the Bankruptcy Court cannot even conduct the jury trial. For this reason alone, abstention and remand is appropriate.

Defendants contend, in part, that they are entitled to remain in federal court because the state law issues do not predominate, and are not a sufficient basis for abstention and remand.  (Opp. Br. at 20).  This is incorrect.  Defendants' reliance on *Neuman v. Goldberg*, 159 B.R. 681, 685-86 (S.D.N.Y. 1993) (overruled on other grounds), for this point is misplaced.  The Court in *Neuman* determined that state law did not predominate in that action because the state court action overlapped with both a pre-existing action in bankruptcy court and a consolidated multidistrict litigation before the district court, and in many instances the allegations in the federal actions were repeated in the state court action "verbatim." *Id*. The

---

[16] Contrary to Defendants' assertion, Plaintiffs did not waive jury rights against Defendants for Defendants' pre-APA tortious conduct by entering into an APA with Old Winstar, nor have Defendants cited any statute or case in support of their unfounded assertion.

[17] *See, Orion Pictures Corporation v. Showtime Networks, Inc. (In re Orion),* 4 F.3d 1095, 1101 ("We now reach the issue reserved in *Ben Cooper I,* and hold that the Constitution prohibits bankruptcy courts from holding jury trials in non-core matters").

9

same is not true in this case.  More instructive is *Stahl v. Stahl*, holding that "though the predominance of state law issues in a case does not alone require remand, it does not mean that that consideration, in combination with others, could not usually tilt in favor of remand." *Stahl v. Stahl*, No. 03 Civ. 0405 VM, 2003 WL 22595288, at *3 (S.D.N.Y. Nov. 7, 2003).  *See also Kerusa Co.*, 2004 WL 1048239, at *5 (holding that questions solely of state law are a factor weighing in favor of remand).  Moreover, Defendants' argument misses the point entirely, because the lawsuit concerns *only* issues of state law as relates to Defendants' pre-APA tortious conduct. There are no federal questions or bankruptcy law issues that are raised by Plaintiffs on account of Defendants' pre-APA misrepresentations and other tortious conduct. There is no federal subject matter jurisdiction over Plaintiffs' claims.  Accordingly, Defendants' argument that state law issues do not predominate – given the absence of any federal claims by Plaintiff – makes no sense whatsoever.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order:  (a) abstaining and remanding the Lawsuit for lack of "relatedness" under 28 U.S.C. §1334(b) or pursuant to the mandatory abstention provisions of § 1334(c)(2); or, in the alternative, (b) abstaining from exercising this Court's jurisdiction pursuant to permissive abstention under  §1334(c)(1) or equitably under § 1452(b), and, in either event, remanding the Lawsuit to the Supreme Court of the State of New York.  If the Court does so, Impala's "request" to transfer the Lawsuit to the Bankruptcy Court of the District of Delaware will be moot, but otherwise should be denied.

Dated:  New York, New York
August 13, 2007

Respectfully submitted,

| ___s/ Joseph M. Vann_____ | ____s/Melissa A. Roover_____ |
|---|---|
| Joseph M. Vann (JMV 7601) | Alan M. Grayson, of counsel |
| Jed Lewin (JL 2428) | Melissa A. Roover (MR 1163) |
| COHEN TAUBER SPIEVACK & WAGNER LLP | GRAYSON & KUBLI, P.C. |
| 420 Lexington Avenue, 24th Floor     and | 1420 Spring Hill Road, Suite 230 |
| New York, New York 10170 | McLean, Virginia 22102 |
| (212) 586-5800 | (703) 749-0000 |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |